IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALLEN F. CALTON #1123880 | § | |
| v. | § | CIVIL ACTION NO. 6:14cv212 |
| GARY WRIGHT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Allen Calton, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. He complains of on-going harassment, false disciplinary cases, denials of medical care, and other alleged violations of his rights since giving a deposition in another lawsuit in November of 2010. On May 22, 2012, he filed another lawsuit, raising all of the same claims he presents in the instant case from November of 2010 until that date.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Calton's lawsuit be dismissed pursuant to the three-strike provision of 28 U.S.C. §1915(g). The Magistrate Judge observed that since 2002, Calton has filed at least 11 lawsuits in federal court, of which at least four have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and three others of which have been dismissed as barred by §1915(g). This statute provides that a prisoner who has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted are barred from proceeding under the *in forma pauperis* statute absent a showing that he is in imminent danger of serious physical injury as of the time of the filing of the new lawsuit. Calton falls within the provisions of this statute, but did not pay the filing fee or show that he is in imminent danger.

In his objections to the Magistrate Judge's Report, Calton says that he was "viciously attacked by a fellow prisoner" at the Michael Unit on October 27, 2013, after this prisoner had previously threatened him. His mouth was wired shut at the hospital and he was transferred to the McConnell Unit to recover from his injuries.

In January of 2014, he was sent back to the Michael Unit and was housed in the high security building. About a month later, this other prisoner threatened him again while in the dining hall. On April 2, 2014, the other prisoner threatened Calton yet again, while both inmates were scheduled for a medical appointment.

Calton says that he is not only housed in close proximity to this other prisoner, but that "prison officials are providing additional opportunities for another assault to take place." He says that "imminent danger" means "dangers that are likely to cause harm in the next week, month, or year," and "the existence of a condition that could reasonably be expected to cause substantial harm before such condition could be abated." He poses the rhetorical question of how long he must live under this threat and how much time the other prisoner will have to assault him, and says that the court should not be required to determine what is "serious enough" to qualify for the exception.

Calton acknowledges that he is housed in a high-security area. The Magistrate Judge discussed a number of cases with similar fact patterns and concluded that the mere fact that Calton is in the same housing area as an inmate who assaulted him several months ago and has recently made threats does not show that Calton is in imminent danger of serious physical injury. Calton's objections do not controvert the Magistrate Judge's conclusions; in fact, these objections show that Calton has been in this housing area for some four months, over which period of time he has only received two threats and has not been assaulted. *Compare King v. Livingston*, 212 Fed.Appx. 260, 2006 WL 3627075 (5th Cir., December 11, 2006) (allegations that the plaintiff has been assaulted several times by the defendants or other inmates, and the defendants have attempted to cause serious injury to the plaintiff from the time of Hurricane Rita to the present, were not sufficient to avoid the application of the three-strikes bar); *Lyles v. Dretke*, slip op. no. 6:08cv382, 2009 WL 722076

(E.D.Tex., March 16, 2009, no appeal taken) (allegations that plaintiff was placed on 11 Building despite threats of assault from officers there, causing mental stress and high blood pressure resulting in 87 requests for blood pressure medication in 24 days, were not sufficient to show imminent danger). Calton's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. [6](#)) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is hereby **DENIED**. It is further

**ORDERED** that the above-styled civil action be and hereby is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

   **It is SO ORDERED.**

   **SIGNED this 29th day of May, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE